UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>Plaintiffs,<br><br>v.<br><br>VFORCE INC., doing business as VForce Staffing Solutions; CORTECH, LLC,<br><br>Defendants. | No: 2:18-cv-02066-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendant and Cross Claimant VForce Inc.'s ("VForce") Motion for Modification of the Initial Pretrial Scheduling Order and to Amend Its First Amended Third-Party Complaint. (ECF No. 80.) Defendant and Cross Defendant CorTech, LLC ("CorTech") opposes the motion. (ECF No. 81.) VForce has filed a reply. (ECF No. 82.) For the reasons set forth below, the Court GRANTS VForce's motion.

///
///
///
///
///
///

1

## I.     FACTUAL BACKGROUND

Plaintiff Zurich American Insurance Company of Illinois ("Zurich") filed its First Amended Complaint ("FAC") on January 30, 2019.  (ECF No. 6.)  The FAC alleges that Zurich entered into a contract requiring it to provide workers compensation insurance to VForce, and that VForce breached the contract by failing to pay Zurich $612,669.00.  (*Id.* at ¶ 10.)  Zurich also filed suit against CorTech.  (*Id.* at 1.)  On March 12, 2019, VForce filed its Answer denying liability and concurrently filed a Crossclaim and Third-Party Complaint seeking indemnity and damages for breach of contract from CorTech and Third-Party Defendants Bean Team Network 2 LLC; Accuire, LLC; Capserve, Inc.; Kaiserkane Consulting, LLC; Michael DiManno; Richard Gardner; Charles Musgrove; and Melissa Oglesby.  (ECF Nos. 12, 15.)

VForce alleges that on December 22, 2014, it entered into a contract with Third-Party Defendant Bean Team Network 2, LLC under which Bean Team Network 2 agreed to indemnify VForce for additional amounts due under the workers compensation insurance contract between VForce and Zurich.  (ECF No. 15 ¶¶ 17–24.)  VForce further alleges that following a merger, CorTech and Accuire became responsible for the Bean Team Network 2's liabilities.  (*Id.* ¶ 7.)

VForce alleges that pursuant to this Court's Pretrial Scheduling Order, amendments to the pleadings were to be made before April 6, 2019.  (ECF No. 80-1 at 3.)  VForce filed the instant motion on November 4, 2020, alleging that "[i]n recent months, VForce discovered that it has claims for indemnity against Amazing Insurance and Alex Campos."  (*Id.* at 3.)  VForce now seeks to add Alex Campos and Amazing Insurance, Inc. as Third-Party Defendants in this action.  (*Id.* at 2.)

## II.    STANDARD OF LAW

Granting or denying leave to amend a complaint rests within the sound discretion of the trial court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Under Rule 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the Court's leave.  However, "[t]he court should freely give leave [to amend] when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing amendment; and (5) futility of amendment. *See Foman*, 371 U.S. at 182; *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). Of these considerations, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). "[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III.    ANALYSIS

VForce alleges it could not have amended its complaint by April 6, 2019, as required by the Pretrial Scheduling Order because it was unaware of Amazing Insurance, Inc. and Alex Campos's liability at the time. (ECF No. 80-1 at 4.) VForce states it only became aware of potential liability in July 2020, and soon after filed the instant motion. (*Id.*)

The only *Foman* factor at issue is undue delay. CorTech opposes VForce's request arguing VForce unduly delayed its attempt to amend and further claims VForce knew of the additional parties for eleven months prior to filing its motion. (ECF No. 81 at 3–4.) VForce contests this stating "[l]ittle more than three months elapsed between VForce and its counsel learning of the facts underlying the claims it seeks to add" and filing its motion. (ECF No. 82 at 5.)

Having reviewed the parties briefing, as well as the declaration of Sean M. Stowers outlining that VForce first became aware of Alex Campos and Amazing Insurance Inc.'s liabilities on or after July 27, 2020, (ECF No. 82-1), the Court finds no reason to disbelieve

VForce's assertions.[1]  Though CorTech vaguely asserts it will be prejudiced by amendment, it offers no argument as to why.  As such, the Court finds CorTech will not be prejudiced by amendment.  Absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.  Accordingly, the Court grants VForce's motion.

### IV. CONCLUSION

For the foregoing reasons, Defendant and Cross Claimant VForce Inc.'s Motion for Modification of the Initial Pretrial Scheduling Order and to Amend Its Third-Party Complaint (ECF No. 80) is GRANTED.  VForce shall file its Second Amended Cross Complaint and Third-Party Complaint not later than fourteen (14) days after the electronic filing date of this Order.  Cross-Defendants and Third-Party Defendants shall file a response to the Second Amended Cross-Complaint and Third-Party Complaint not later than thirty (30) days after the electronic filing date of the Amended Complaint.

All parties are further ordered to meet and confer and submit a joint statement within fourteen (14) days regarding the remaining pending motion(s) in this case and whether, if at all, this Order impacts the resolution of such motion(s).

IT IS SO ORDERED.

DATED:  January 31, 2022

Troy L. Nunley
United States District Judge

---

[1] CorTech attached a series of emails, as evidence, allegedly displaying that VForce knew of Alex Campos and Amazing Insurance Inc.'s involvement sooner.  (*See* ECF No. 80-1.)  The attached emails failed to include an authenticating declaration and are accordingly not competent evidence.  *See* Fed. R. Civ. Proc. 43; E.D. Cal. R. 142.