UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS<br><br>Plaintiffs,<br><br>v.<br><br>VFORCE INC., ET AL.,<br><br>Defendant. | No. 2:18-cv-02066-DAD-CKD<br><br><br>DISCOVERY ORDER |
| VFORCE INC., a California corporation; Cross-Claimant, v. CORTECH, LLC, a Georgia limited liability company; BEAN TEAM NETWORK 2 LLC<br><br>Cross-claimant,<br><br>v.<br><br>CORTECH, LLC, a Georgia limited liability company; BEAN TEAM NETWORK 2 LLC,<br><br>Cross-defendants. | |

////

////

Defendant VForce's motion to compel and request for sanctions and attorney's fees is presently pending before this court. (ECF No. 151.) The parties appeared for a hearing on defendant's motion on August 30, 2023. Attorney Brad McDowell appeared for defendant VForce; attorney John Shoreman appeared for cross-defendants Bean Team Network 2 LLC, Accuire, LLC, Kaiserkane Consulting, LLC, Michael DiManno, Melissa Oglesby, and Richard Gardner; and attorney Patrick Cory Barnwell appeared for cross-defendant Cortech, LLC.

For the readers' ease, the court uses only the name "Accuire" to refer to the cross-defendants/non-movants.

I. Background

The following background is highly summarized. In 2018, VForce was sued by plaintiff Zurich American Insurance for breach of contract after failing to pay a premium adjustment on a workers' compensation policy. (See generally, ECF No. 6.) VForce then sued Accuire for breach of contract, false promise, intentional misrepresentation, conspiracy, and unfair competition based on an agreement between VForce and Accuire dated December 22, 2014. (ECF No. 119.) VForce alleges that on April 1, 2016, Accuire dissolved without informing VForce of its dissolution and sold off the debts owed to VForce. (Id. at ¶ 26.) The sale is alleged to have occurred around January 2017. (Id. at ¶ 30.)

VForce served requests for production of documents on July 30, 2021 and November 16, 2021, seeking financial records from 2014 to the present. (ECF No. 153, 13-53 and 115-121.) Acquire timely objected to the November 16, 2021 request on the basis that the records sought are not reasonably related, unduly burdensome, and are not proportional. (Id. at 121-131.)

The parties contemplated limiting the time period for the financial records sought but were ultimately unable to reach an agreement. (Id. at 5.) VForce filed the instant motion to compel after the parties satisfied their meet and confer obligations. (ECF No. 151; ECF No. 153 at 5.)

II. Motion to Compel Hearing and Parties' Stipulation

During the hearing on VForce's motion to compel, the parties informed the court that the only requests at issue were VForce's request for Accuire's financial records from 2014 through

the present.  Accuire maintained its objection that the scope of the records sought is not proportional and is overly burdensome.

At the conclusion of the hearing, the parties agreed that Accuire would produce to VForce the following documents from 2016 through the present: General Ledgers in their native source format, Profit and Loss Statements, and Balance Statements. The parties also agreed that the production would occur within 30 days of the court's order.

III.   Sanctions and Attorney's Fees

The only remaining issues are sanctions and attorney's fees.  Under Federal Rule of Civil Procedure 37, the court may sanction parties that fail to adequately respond to requests for production of documents.  Where a motion is granted in part, awards of attorney's fees are discretionary.  Id.

Here, Accuire timely objected to VForce's request based on proportionality, but VForce refused to narrow the request by shortening the time period for the records sought.  (ECF No. 153 at 135-136) (emails between parties from February 2023 wherein VForce refuses to narrow the time span for the general ledgers requested).  Given Accuire's timely and reasonable objection and participation in meet and confer efforts, neither sanctions nor attorney's fees are warranted here.  Accordingly, VForce's requests for sanctions and attorney's fees is denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant VForce's motion to compel is granted in part.  Within thirty days, Accuire shall produce to VForce the following documents 2016 through the present: General Ledgers in their native source format, Profit and Loss Statements, and Balance Statements.  Accuire shall inform VForce in writing if any of these documents does not exist or is otherwise not in Accuire's custody or control.

2. Defendant VForce's request for sanctions and attorney's fees is denied.

Dated:  September 1, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,zuri.2066

3