UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS<br><br>Plaintiffs,<br><br>v.<br><br>VFORCE INC., ET AL.,<br><br>Defendant. | No. 2:18-cv-02066-DAD-CKD<br><br><br>ORDER |
| VFORCE INC., a California corporation; Cross-Claimant, v. CORTECH, LLC, a Georgia limited liability company; BEAN TEAM NETWORK 2 LLC<br><br>Cross-claimant,<br><br>v.<br><br>CORTECH, LLC, a Georgia limited liability company; BEAN TEAM NETWORK 2 LLC,<br><br>Cross-defendants. | |

////

////

This order concerns sanctions against attorney John Shoreman, counsel for third-party defendants Accuire, LLC, Capserv, Inc., Kaiserkane Consulting, LLC, Michael A. DiManno, Richard Gardner, Charles Musgrove, Melissa Oglesby, and Bean Team Network 2 LLC (hereinafter, "third-party defendants"). As set forth below, the undersigned finds that Mr. Shoreman engaged in conduct that fell below professional standards by failing to investigate whether designated counsel, Mohammed Aly, consented to serve as local counsel. Mr. Shoreman is ordered to pay a fine in the amount of $2,500 as a sanction.

I.     Background

On May 12, 2021, Mr. Shoreman filed a pro hac vice application and designated Mohammad Aly as local counsel. (ECF No. 101.) The assigned district judge granted the pro hac vice application. (ECF No. 106.)

In August 2023, Mr. Aly contacted the undersigned's courtroom deputy, alleging that he never consented to represent third-party defendants in this matter and that his appearance had been entered without his authorization. In light of these allegations, the court ordered Mr. Aly and Mr. Shoreman to show cause in writing why they should not be sanctioned for improper use of the court's electronic filing system. (ECF No. 156.)

Mr. Aly and Mr. Shoreman each submitted written responses to the court's order to show cause and appeared in person for an order to show cause hearing. (See ECF Nos. 161, 162, 173, 176.) Mr. Aly and Mr. Shoreman disputed whether Mr. Aly had ever agreed to serve as local counsel in this case.[1] According to Mr. Aly, he had agreed to serve as local counsel in three cases for Mr. Shoreman's firm, Nexus Derechos Hermanos (NDH), and submitted copies of the checks from NDH that he received as payment for these three cases. (See ECF No. 162 at 2; ECF No. 173 at 3-8.) Mr. Aly also submitted emails demonstrating that since April 2022, he had repeatedly asked Mr. Shoreman and Mr. Shoreman's partner, Mario Williams, that he be removed as counsel from all cases. (ECF No. 162 at 6-24.)

---

[1] The clerk of court ultimately determined that the electronic filing account used to account enter Mr. Aly and Mr. Shoreman's appearance did not belong to Mr. Aly, but instead belongs to an individual named Arun Levine.

2

At the October 24, 2023 order to show cause hearing, Mr. Shoreman continued to assert that Mr. Aly's representation extended to this case, yet was unable to explain why he ignored Mr. Aly's repeated requests to be removed as counsel despite receiving numerous requests from Mr. Aly. However, as became clear during the hearing and in Mr. Shoreman's written response to the order to show cause, it was Mario Williams, not Mr. Shoreman, who hired Mr. Aly to serve as designated counsel. (ECF No. 176 at 1, "The undersigned had no role in retaining Mr. Aly.") (See also ECF No. 176-2, Declaration of Mario Williams.)

The undersigned terminated Mr. Aly's appearance on the docket and revoked Mr. Shoreman's pro hac vice status due to the termination of his local counsel. (ECF No. 164.) Following the hearing, Mr. Shoreman obtained new local counsel and was subsequently admitted appearing pro hac vice. (ECF No. 165.)

## II.   Legal Standards

The Local Rules of the Eastern District of California provide:

> In the event any attorney subject to these Rules engages in conduct which may warrant discipline or other sanctions, any Judge ... may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney […]

L.R. 184(a). Under Local Rule 180(e), no attorney appearing pro hac vice shall engage in any conduct that degrades or impugns the integrity of the Court or interferes with the administration of justice.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District judges may select among a range of sanctions for unethical behavior, including monetary sanctions, contempt and disqualification of counsel. Erickson v. Newmar Corp., 87 F.3d 298, 303 (9th Cir. 1996). See also L.R. 184(a) (authorizing any judge to order disciplinary sanctions upon reasonable notice and opportunity to show cause to the contrary.)

III. Discussion

The undersigned finds that Mr. Shoreman's failure to investigate whether Mr. Aly consented to serve as designated counsel in this case does not meet standards of professional conduct. Mr. Shoreman sought pro hac vice admission by designating Mr. Aly as local counsel. (ECF No. 101.) Yet Mr. Aly repeatedly denied his involvement with this case for over a year, and repeatedly requested that Mr. Shoreman remove him as counsel. (ECF No. 162 at 9 and 19-24, emails from Mr. Aly to Mr. Shoreman dated April 4, 2022; July 22, 2022; and August 16, 2022.)

On August 16, 2022, Mr. Shoreman advised Mr. Aly that he would conduct a diligent search of the cases in which Mr. Aly's appearance was submitted and would sign an affidavit attesting to that fact.[2] (Id. at 24.) But Mr. Shoreman never investigated Mr. Aly's contentions that he did not consent to serve as designated counsel. In fact, Mr. Shoreman did nothing, leaving Mr. Aly with little recourse, and creating a confused mess for the court to clean up.

This court, which is already overburdened with high caseloads, has now spent hours trying to root out and resolve issues that Mr. Shoreman should have dealt with. ACCORDINGLY, the undersigned finds that Mr. Shoreman's failure to investigate whether Mr. Aly consented to serve as designated counsel in this case amounts to sanctionable conduct. L.R. 180(e) ("No attorney admitted to practice before this Court shall engage in any conduct that degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice.") Mr. Shoreman is hereby ordered to pay a fine in the amount of $2,500, payable to the Clerk, U.S. District Court." The payment shall be borne by Mr. Shoreman personally and shall be paid within 28 days of this order. See Erickson v. Newmar Corp., 87 F.3d 298, 303 (9th Cir. 1996) (authorizing district judges to select among a range of sanctions for unethical behavior, including monetary sanctions, contempt and disqualification of counsel). See also L.R. 110, "[f]ailure of

---

[2] There is no indication that, at the time Mr. Shoreman submitted the pro hac vice application, Mr. Shoreman knew or should have known that Mr. Aly did not agree to serve as counsel. L.R. 180(b) (the pro hac vice application shall designate local counsel with whom the court and opposing counsel may communicate). Indeed, Mr. Shoreman did not have any role in retaining Mr. Aly. (ECF No. 176 at 1; ECF No. 176-2 at para. 1, Declaration of Mario Williams.)

4

counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.")

      IT IS SO ORDERED.

Dated:  December 29, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,zuri.2066