UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>          Plaintiff,<br><br>     v.<br><br>VFORCE INC., et al.,<br><br>          Defendants. | No. 2:18-cv-02066-DAD-CKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 189) |
| VFORCE INC.,<br><br>          Cross-Claimant and<br>          Third-Party Plaintiff,<br><br>     v.<br><br>CORTECH, LLC, et al.,<br><br>          Cross-Defendant and<br>          Third-Party Defendants. | |

This matter is before the court on the motion for summary judgment filed by plaintiff Zurich American Insurance Company of Illinois ("Zurich") on July 8, 2024. (Doc. No. 189.) The pending motion was taken under submission on August 2, 2024. (Doc. No. 202.) For the reasons explained below, the court will grant plaintiff's motion for summary judgment in its favor and against defendant VForce Inc. ("VForce").

1

**BACKGROUND**

This case arises from defendant VForce, a staffing company, allegedly failing to pay the additional insurance premium owed to plaintiff in breach of their workers' compensation insurance contract.

On March 2, 2021, plaintiff filed its first motion for summary judgment, seeking summary judgment in its favor and against defendant VForce on its sole claim for breach of contract.[1] (Doc. No. 92.) On February 5, 2024, the court granted plaintiff's first motion for summary judgment in part. (Doc. No. 182.) Rather than repeat the entire factual and procedural background included in that order, the court incorporates that background section by reference herein.

In the February 5, 2024 order, the court granted partial summary judgment in favor of plaintiff and against VForce as to the first, second, and third elements of plaintiff's breach of contract claim (i.e., that the workers' compensation insurance policy was a valid contract, Zurich performed under the contract, and VForce breached the contract by failing to pay additional premiums due under the contract). (*Id.*) The court denied plaintiff's motion for partial summary judgment as to the fourth element, the issue of the amount of damages, because plaintiff had "not established that the $612,656.00 amount of additional premium it seeks in damages is an accurate figure, let alone an undisputed amount." (*Id.* at 29.)

On July 8, 2024, plaintiff filed the pending second motion for summary judgment to clarify the amount of additional premium owed under the Policy and provide additional evidence to substantiate that amount of damages. (Doc. No. 189.) The court reviewed the evidence submitted on summary judgment and identified one issue that had not been addressed by the parties in their briefing in connection with plaintiff's second motion for summary judgment. Consequently, on September 4, 2024, the court issue an order directing plaintiff (and defendant VForce if it so desired) to submit supplemental evidence to address that issue. (Doc. No. 211.)

/////

---

[1] Plaintiff did not move for summary judgment against defendant Cortech, LLC, the only other defendant named in its operative first amended complaint. (*See* Doc. No. 6 at ¶ 13.)

1  Rather than repeat the factual background and analysis set forth in that order, the court
2  incorporates that order by reference herein.

3  In short, the court concluded that based on the evidence before the court on summary
4  judgment, there was no genuine dispute of material fact that $1,927,154 was the total earned
5  premium, from which defendant's deposit premium amount is subtracted to arrive at the amount
6  of additional premium due. (*Id.* at 6–7.) The amount of defendant's deposit premium, however,
7  was unclear because plaintiff's first motion for summary judgment referenced an error by plaintiff
8  in failing to give credit to defendant VForce for $65.00 it had paid, whereas the second motion for
9  summary judgment was silent as to this $65.00 error. (*Id.* at 7–8.) The court explained that "[t]he
10 only remaining question is whether the correct deposit premium to subtract from that
11 [$1,927,154] amount is $1,314,498.00 (with no $65.00 error) or $1,314,563.00 (accounting for
12 the $65.00 error)." (*Id.* at 7.)

13 On September 10, 2024, plaintiff filed a supplemental brief along with an accompanying
14 supplemental affidavit from Sheryl Totzke, a legal collections specialist who has been employed
15 by Zurich for twenty years. (Doc. Nos. 212, 212-1.) Defendant VForce did not file any
16 supplemental evidence, despite being given the option to do so.

17 **DISCUSSION**

18 In its supplemental brief, plaintiff clarified that the $65.00 payment shown in Zurich's
19 payment log records for VForce's account is payment for installment fees, not a payment toward
20 the premium deposit. (Doc. No. 212 at 2.) Specifically, in her declaration, Ms. Totzke clarifies
21 that "VForce paid its deposit premium in installment payments, as opposed to one lump sum,"
22 and "[w]hen a deposit premium is paid in installments, there is a fee that is charged by Zurich for
23 each payment." (Doc. No. 212-1 at ¶ 3.) Ms. Totzke confirmed from her review of Zurich's
24 payment log system for VForce's account "that the accurate amount of deposit premium paid by
25 [VForce] or on VForce's behalf for this Policy[] is $1,314,498." (*Id.* at ¶¶ 4, 6.) Ms. Totzke
26 further confirmed that because "the total earned premium after payroll audit owed for this
27 [Policy] is $1,927,154, and [she] confirmed that $1,314,498 [is the deposit premium paid], the
28 amount of additional premium owed after audit is $612,656." (*Id.* at ¶¶ 6, 7.)

1    As noted above, defendant VForce did not submit any evidence of its own regarding how
2 much it paid for the deposit premium or dispute Zurich's evidence that the $65.00 amount was
3 paid for installment fees, not deposit premium.

4    Based on the undisputed supplemental evidence before the court on summary judgment,
5 the court finds that plaintiff has established that its damages amount is $612,656.00, which is the
6 amount of additional premium due to Zurich on the Policy.  Plaintiff has therefore established the
7 fourth and final element of its breach of contract claim against defendant VForce.  For this
8 reason, the court will grant plaintiff's motion for summary judgment in its favor on its sole claim
9 of breach of contract brought against defendant VForce.  As noted above, plaintiff did not seek
10 summary judgment against the only other defendant named in its operative first amended
11 complaint, defendant Cortech LLC.  Thus, because the granting of plaintiff's motion does not
12 "end the action" as to plaintiff or defendant VForce, the court will not direct the Clerk of the
13 Court enter final judgment at this time.  *See* Fed. R. Civ. P. 54(b) ("When an action presents more
14 than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or
15 when multiple parties are involved, the court may direct entry of a final judgment as to one or
16 more, but fewer than all, claims or parties only if the court expressly determines that there is no
17 just reason for delay.").

## CONCLUSION

Accordingly,

1. Plaintiff's motion for summary judgment (Doc. No. 189) is granted;
   a. Plaintiff is entitled to judgment as a matter of law on its sole claim of breach of contract brought against defendant VForce Inc.; and
   b. Plaintiff is entitled to judgment in its favor and against defendant VForce Inc., for damages in the amount of $612,656.00 and prejudgment interest according to proof; and

/////
/////
/////

4

2. Consistent with Rule 54(b) of the Federal Rules of Civil Procedure, the court will not direct entry of final judgment at this time, given that plaintiff's claims against defendant Cortech LLC remain in this case.

IT IS SO ORDERED.

Dated: **September 17, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE