UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>VFORCE INC., et al.,<br><br>Defendants. | No.  2:18-cv-02066-DAD-CKD<br><br>No. 2:19-cv-01349-DAD-CKD<br><br><br>TENTATIVE PRETRIAL ORDER |
| AMAZING INSURANCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL DIMANNO, et al.,<br><br>Defendants. | |

On December 10, 2024, the court conducted a final pretrial conference in two actions consolidated in part for trial, *Zurich American Insurance Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-DAD-CKD ("*Zurich*"), and *Amazing Insurance, Inc. v. DiManno*, No. 2:19-cv-01349-DAD-CKD ("*Amazing*").  The actions were consolidated by order dated September 11, 2023, for the purpose of trial on the common issues, specifically, "the common issues with regard to 'the existence, scope, performance, and/or enforceability of the Guaranty and/or the Binding Letter of Understanding, as well as any additional matters that may cause Amazing Insurance and/or Alex

1

1  Campos to be required to indemnify VForce . . . .'" (*Amazing*, Doc. No. 119 at 4.)  As will be

2  discussed below, the actions will remain consolidated in part for trial.

3        In *Zurich*, attorney Brad A. McDowell appeared as counsel for cross-claimant and third-

4  party plaintiff VForce Inc. ("VForce"); attorney Patrick Cory Barnwell appeared as counsel for

5  cross-defendant Cortech, LLC ("CorTech"); attorney John M. Shoreman appeared as counsel for

6  cross-defendants Accuire, LLC ("Accuire"), Bean Team Network 2 LLC ("BTN2"), Capserv,

7  Inc., Kaiserkane Consulting, LLC, Michael DiManno, Richard Gardner, Charles Musgrove, and

8  Melissa Oglesby, as well as third-party defendant Employinsure LLC; and attorney Angelica

9  Simpson appeared as counsel for third-party defendants Amazing Insurance, Inc. ("Amazing")

10  and Alex Campos.  Plaintiff Zurich American Insurance Company of Illinois ("Zurich") did not

11  appear, as summary judgment has already been granted in its favor as to all of its claims brought

12  in this action.

13        In *Amazing*, attorney Angelica Simpson appeared as counsel for plaintiff and counter-

14  defendant Amazing and for third-party defendants Gerald Douglas Anderton, Kara Childress,

15  Vikash Jain, and Alex Campos; attorney John Shoreman appeared as counsel for defendants and

16  counter-claimants Michael DiManno and Accuire.

17        Having considered the parties' joint pretrial statements and the views of the parties as

18  expressed at the conference, the court issues this tentative pretrial order.

19        In *Zurich*, VForce brings its third amended cross-claim and third-party complaint,

20  asserting that the cross- and third-party defendants—including Accuire, LLC—are liable to

21  VForce for any amounts owed to plaintiff Zurich under the workers' compensation policy at

22  issue.  (*Zurich*, Doc. No. 201.)  In *Amazing*, as relevant to the consolidated trial, the parties

23  dispute whether certain agreements are valid such that Amazing Insurance, Inc. and Alex Campos

24  are required to indemnify Accuire for any amounts that Accuire may owe to VForce.

25  I.      JURISDICTION/VENUE

26        Jurisdiction in *Zurich* is predicated on 28 U.S.C. §§ 1332, 1367.  Jurisdiction in *Zurich* is

27  not contested.

28        Venue in *Zurich* is proper pursuant to 28 U.S.C. § 1391.  Venue is not contested.

1    In the parties' joint pretrial statement in *Amazing*, the parties state without further

2  explanation that "[t]his court has subject matter jurisdiction."  (*See Amazing*, Doc. No. 126 at 1–

3  2.)  It is now unclear to the court whether subject matter jurisdiction exists in *Amazing*.  A

4  separate order will issue directing the parties in *Amazing* to submit supplemental briefing

5  addressing that issue.

6  II.    JURY

7    In their pretrial statements, all parties in both actions demanded a jury trial.  (*See Zurich*,

8  Doc. No. 227 at 2; *Amazing*, Doc. No. 126 at 2.)  The jury will consist of eight jurors.[1]

9  III.    UNDISPUTED FACTS

10    The parties in *Zurich* listed the following undisputed facts.[2]

11    1.    BTN2 entered into a contract with VForce on or about December 22, 2014 ("the

12  Agreement").

13    2.    The Agreement related to the procurement of a joint workers' compensation policy

14  issued by Zurich that was held by VForce and BTN2 ("the Zurich policy").

15    3.    Accuire subsequently substituted itself for BTN2 as a named insured under the

16  Zurich policy.

17    4.    BTN2 owed a duty to pay additional premiums assessed by Zurich against VForce

18  pursuant to the Agreement.

19    5.    BTN2 breached the Agreement by failing to pay the additional premium asserted

20  by Zurich.

21    6.    BTN2 was obligated to defend and indemnify VForce in the *Zurich* action.

22    7.    BTN2 breached the Agreement by failing to defend and indemnify VForce after

23  the *Zurich* action was filed.

---

[1]  The court may increase the number of jurors selected if test positivity rates for COVID-19 within California exceed 5% at the time trial commences.

[2]  The joint pretrial statement in *Amazing* contains no undisputed facts.  (*See Amazing*, Doc. No. 126 at 2.)  The parties in *Amazing* are directed to include a statement of undisputed facts in connection with their objections filed in response to this tentative pretrial order, as discussed at the pretrial conference.

3

IV.     DISPUTED FACTUAL ISSUES

1.      Whether Accuire was the first successor in interest to BTN2, as shown by the parties' course of dealings, books, records, and documents executed by Accuire and BTN2 asserting that BTN2 is a predecessor in interest to Accuire.

2.      Whether Accuire subsequently entered into an agreement with Amazing, whereby Amazing purchased the assets and liabilities of Accuire.

3.      Whether one of the liabilities of Accuire that was purchased by Amazing was the sums owed to VForce.

4.      Which entity or entities own the assets of Accuire and its successor entities.

5.      Whether defendant Employinsure LLC and various "Samuel Hale" subsidiary companies are successor entities to Accuire.

6.      Whether Accuire entered into an Asset Purchase Agreement with CorTech, whereby CorTech purchased all of the existing assets of Accuire.

7.      Whether CorTech thereby assumed liabilities of Accuire, including the sums owed to VForce, or whether the asset purchase excluded the purchase of Accuire's liabilities.

8.      Whether Accuire's ownership was ever transferred to Amazing.

9.      Whether Michael DiManno distributed Accuire funds and assets to numerous companies that he owned.

10.     Whether DiManno's conduct thereby failed to adhere to corporate formalities and was undocumented.

11.     Whether BTN2 was dissolved according to Florida law.

12.     Whether BTN2's remaining assets were distributed to its members:  Charles Musgrove, Melissa Oglesby, and Richard Gardner, through those members' respective companies.

13.     Whether the Binding Letter of Understanding ("LOU") between Amazing and Accuire is enforceable.

14.     Whether Amazing disguised its financial obligations to Accuire as "good will" in connection with Accuire's financial audit for 2017.

15.     Whether Amazing was eligible to apply for a bank line of credit at the time it represented it could so.

16.     Whether Amazing failed to fund its purchase of a 75% ownership interest in Accuire.

17.     Whether Amazing routinely and unlawfully "swept" Accuire's bank accounts and denied Accuire of operating funds.

18.     Whether Amazing made any payments to Accuire that were not reimbursed by Accuire.

19.     Whether Accuire was forced by Amazing to accept loans from Vensure and Cencal.

20.     Whether Accuire's repayment of such loans was largely made directly to Alex Campos.

21.     Whether Childress failed to disclose her ownership interest in the CPA accounting firm which conducted the 2017 Accuire audit.

22.     Whether Accuire lost a line of credit from Wells Fargo bank when applications for an Accuire loan were submitted by Amazing.

V.     <u>DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE</u>

The parties have not yet filed motions *in limine*.  The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.  The parties anticipate filing the motions *in limine* listed below.  Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**.  Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **11 days before trial**.  Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

VForce's Motions *in Limine*

1.     Motion *in limine* prohibiting parties from referring to, offering, or introducing into evidence information not produced in discovery.

5

2.        Motion *in limine* to exclude any testimony or opinion evidence from any witnesses not previously identified by the parties.

3.        Motion *in limine* to exclude any expert testimony or opinion evidence from any persons not disclosed as experts.

4.        Motion *in limine* to exclude witnesses from the courtroom except when testifying.

5.        Motion *in limine* to exclude hearsay evidence.

6.        Motion *in limine* to exclude all evidence of or reference to settlement negotiations.

7.        Motion *in limine* to exclude all evidence or testimony regarding any defenses that have already been adjudicated by Zurich's motions for summary judgment and/or VForce's partial motion for summary judgment.

### Accuire's Motions *in Limine*

1.        Motion *in limine* prohibiting parties from referring to, offering, or introducing into evidence information not produced during discovery.

2.        Motion *in limine* to exclude any expert testimony or opinion evidence from any persons not disclosed as experts.

3.        Motion *in limine* to exclude witnesses from the courtroom except when testifying.

4.        Motion *in limine* to exclude hearsay evidence.

5.        Motion *in limine* to exclude all evidence of or reference to settlement negotiations.

VI.      SPECIAL FACTUAL INFORMATION

As discussed at the pretrial conference, the parties have failed to provide the special factual information pertaining to this action in the appropriate section as either undisputed facts or disputed factual issues, as required by Local Rule 281(b)(6).  For example, in the joint pretrial statement filed in *Zurich*, the parties refer to "agreements between Accuire and Amazing, and between Accuire and CorTech," but do not provide any details as to these agreements.  (*See Zurich*, Doc. No. 227 at 5.)

Pursuant to Local Rule 281(b)(6), the parties must provide their respective versions of the terms of any contract at issue in this action; whether the contract and any modifications or collateral agreements were written or oral or both, specifying any document, letter, or other

6

writing relied upon by date and parties, and indicating any oral agreement relied upon by date,

place, and parties; any misrepresentation of fact, mistake, or other matter affecting validity; any

breach of contract; and any waiver or estoppel. *See* L.R. 281(b)(6). In addition, such information

should appear as either disputed or undisputed facts as appropriate.

VII.   RELIEF SOUGHT

1.   VForce seeks indemnity with regard to the judgment and resultant interest awarded to Zurich as against VForce.

2.   VForce seeks its attorneys' fees, costs, and pre-judgment interest incurred in the course of defending and prosecuting the present action.

3.   VForce seeks damages related to the breach of contract.

4.   Amazing seeks a declaratory judgment finding that the Binding Letter of Understanding is enforceable and that Amazing is therefore the owner of Accuire and all of Accuire's successors and subsidiaries.

5.   Accuire seeks a declaratory judgment finding that the Binding Letter of Understanding is null and void.[3]

VIII.  POINTS OF LAW

The claims and defenses asserted in this action arise under state law.

In *Zurich*, on August 2, 2024, VForce filed its operative third amended crossclaim against CorTech; BTN2; Accuire; Capserv, Inc.; Kaiserkane Consulting, LLC; Michael DiManno; Richard Gardner; Charles Musgrove; and Melissa Oglesby (collectively, "the BTN2 cross-

---

[3]  In the pretrial statement in *Amazing*, Amazing and Accuire each state their intention to seek damages at trial. (*See Amazing*, Doc. No. 126 at 3.) However, the *Amazing* action was consolidated for trial with the *Zurich* action only in part, specifically as to "the existence, scope, performance, and/or enforceability of the Guaranty and/or the Binding Letter of Understanding, as well as any additional matters that may cause Amazing Insurance and/or Alex Campos to be required to indemnify VForce." (*Amazing*, Doc. No. 119 at 3.) Therefore, it does not appear that the issue of damages, if any, will be the subject of the trial in the *Amazing* action. If the parties in *Amazing* believe it is appropriate that the issue of damages, if any, also be a subject to be resolved by this trial, rather than a later trial on the non-consolidated issues, then the parties must state their intention to do so in connection with their objections to the tentative pretrial order. The parties shall include any authority supporting their contention that damages, rather than merely declaratory relief, are available to them in connection with the claims that are to be resolved at this trial.

defendants"); and third amended third-party complaint against Amazing Insurance, Inc; Alex Campos; and Employinsure LLC (collectively, "the Campos third-party defendants").  (*Zurich*, Doc. No. 201.)  In its third amended crossclaim and third-party complaint, VForce asserts the following claims:  (1) breach of contract, against the BTN2 cross-defendants and Campos third-party defendants; (2) breach of the implied covenant of good faith and fair dealing, against the BTN2 cross-defendants and Campos third-party defendants; (3) express indemnity, against the BTN2 cross-defendants and Campos third-party defendants; (4) equitable indemnity, against the BTN2 cross-defendants; (5) false promise, against the BTN2 cross-defendants; (6) intentional misrepresentation, against the BTN2 cross-defendants; (7) negligent misrepresentation, against the BTN2 cross-defendants; (8) conspiracy, against the BTN2 cross-defendants; and (9) unfair competition in violation of California Business and Professions Code §§ 17200, *et seq.* ("the UCL"), against the BTN2 cross-defendants.  (*Id.*)

In *Amazing*, on July 23, 2019, Amazing filed its operative first amended complaint, asserting claims for declaratory relief against Accuire and Michael DiManno, and claims for breach of contract, breach of fiduciary duties, conversion, and breach of implied covenant of good faith and fair dealing against DiManno.  (*Amazing*, Doc. No. 6.)

Additionally, in *Amazing*, on December 10, 2021, Accuire and Michael DiManno filed their operative second amended counterclaim against Amazing, as well as their operative third-party complaint against third-party defendants Alex Campos, Vikash Jain, Gerald Douglas Anderton, and Kara Childress.  (*Amazing*, Doc. No. 100.)  Therein, Accuire and Michael DiManno assert the following claims:  (1) declaratory relief, asserted against Amazing and Alex Campos; (2) fraud, asserted against Alex Campos, Vikash Jain, and Gerald Douglas Anderton; (3) fraud, asserted against Amazing; (4) conversion, asserted against all counter- and third-party defendants; (5) civil conspiracy, asserted against all counter- and third-party defendants; (6) breach of contract, asserted against Campos, Jain, and Anderton; and (7) veil piercing under Georgia law, asserted against Amazing and Campos.  (*Id.*)

      1.       The elements of, standards for, and burden of proof in a claim for breach of contract.

2.   The elements of, standards for, and burden of proof in a claim for breach of the implied covenant of good faith and fair dealing.[4]

3.   The elements of, standards for, and burden of proof in a claim for express indemnity.

4.   The elements of, standards for, and burden of proof in a claim for equitable indemnity.

5.   The elements of, standards for, and burden of proof in a claim for false promise.

6.   The elements of, standards for, and burden of proof in a claim for intentional misrepresentation.

7.   The elements of, standards for, and burden of proof in a claim for negligent misrepresentation.

8.   The elements of, standards for, and burden of proof in a claim for conspiracy.

9.   The elements of, standards for, and burden of proof in a claim for violation of the UCL.

10.   The elements of, standards for, and burden of proof in a claim for declaratory relief.[5]

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

/////

---

[4]  VForce brings this claim in its operative third amended counterclaim and third-party complaint. (*See* Doc. No. 201 at ¶¶ 39–42.)  However, this claim is not mentioned in the *Zurich* joint pretrial statement.  VForce is directed to state and clarify in its objections to the tentative pretrial order whether it is pursuing this claim at trial.

[5]  As noted above, Amazing and Accuire each state their intention to seek damages in connection with their claims at this consolidated trial (*Amazing*, Doc. No. 126 at 3), despite the issues to be resolved at this trial pursuant to this court's order of consolidation seemingly being limited to those issues relevant to the parties' claims for declaratory relief.  If the parties in *Amazing* seek to present evidence at the consolidated trial as to their claims other than those for declaratory relief, they are directed to explain and clarify in their objections to this tentative pretrial order why presentation of such evidence should be allowed or if they are instead seeking a modification of the court's prior order so as to expand the scope of the consolidation of these cases for purposes of trial.

9

1  ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY

2  ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT

3  BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

4  IX.   ABANDONED ISSUES

5        The parties state that there are no abandoned issues.  (*Zurich*, Doc. No. 227 at 8–9;

6  *Amazing*, Doc. No. 126 at 7.)  However, in *Zurich*, the answer filed by Employinsure LLC asserts

7  13 affirmative defenses (*see* Doc. No. 223), the answer filed by the BTN2 cross-defendants

8  asserts 13 affirmative defenses (*see* Doc. Nos. 122, 199), and the answer filed by CorTech

9  contains 12 affirmative defenses (*see* Doc. Nos. 123, 199).  Additionally, in *Amazing*, the answer

10  filed by Amazing and Alex Campos contains 21 (mislabeled as 22) affirmative defenses.

11  (*Amazing*, Doc. No. 130.)

12        Affirmative defenses must be listed either as points of law remaining so as to be resolved

13  at the trial of this action or as abandoned issues.  As discussed at the pretrial conference, in their

14  objections to the tentative pretrial order, the parties shall clarify which of their affirmative

15  defenses have been abandoned, if any, and which they intend to pursue at trial.

16  X.   WITNESSES

17        Accuire's witnesses shall be those listed in **Attachment A**.  No other parties in *Amazing*

18  included a list of witnesses in the *Amazing* pretrial statement.  In their objections to the tentative

19  pretrial order, those parties are directed to provide either a list of their own witnesses or a

20  statement that they are not listing any such witnesses.

21        Joint witnesses shall be those listed in **Attachment B**.  As discussed as the pretrial

22  conference, the parties in *Zurich* are directed to clarify in their objections to the tentative pretrial

23  order which of the witnesses listed in Attachment B are indeed joint witnesses.

24        In addition, each party may call any witnesses at trial designated by the other.

25        A.   **The court does not allow undisclosed witnesses to be called for any purpose,**

26            **including impeachment or rebuttal, unless they meet the following criteria:**

27            (1)   The party offering the witness demonstrates that the witness is for the

28                 purpose of rebutting evidence that could not be reasonably anticipated at

10

the pretrial conference, or

    (2)    The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

    B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

    (1)    The witness could not reasonably have been discovered prior to the discovery cutoff;

    (2)    The court and opposing parties were promptly notified upon discovery of the witness;

    (3)    If time permitted, the party proffered the witness for deposition; and

    (4)    If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## XI.    EXHIBITS, SCHEDULES, AND SUMMARIES

Joint exhibits in *Zurich* are listed in **Attachment C**.  Accuire's exhibits in *Zurich* are listed in **Attachment D**.  Joint exhibits in *Amazing* are listed in **Attachment E**.  No exhibit shall be marked with or entered into evidence under multiple exhibit numbers.  All exhibits must be pre-marked as discussed below.  At trial, joint exhibits in *Zurich* shall be identified as JXZ and listed numerically, e.g., JXZ-1, JXZ-2.  Joint exhibits in *Amazing* shall be identified as JXA and listed numerically, e.g., JXA-1, JXA-2.  Plaintiff's, cross-claimant's, and third-party plaintiff's exhibits shall be listed numerically; defendants', cross-defendants', and third-party defendants' exhibits shall be listed alphabetically.

The descriptions for Accuire's list of exhibits in *Zurich* are not sufficiently specific.  In this regard, Accuire has not listed Bates stamps, dates, and/or other detailed description of its exhibits.  Accuire shall provide a more precise description of each of its exhibits in connection with its objections to the tentative pretrial order.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to exhibits shall be filed no later than **14 days before trial**.  The final exhibit binders shall be delivered to the court by **the Thursday before the trial date.**  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

(1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

(2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

(1)    The exhibits could not reasonably have been discovered earlier;

(2)    The court and the opposing parties were promptly informed of their existence;

(3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

XII.   **DISCOVERY DOCUMENTS**

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

The parties in *Zurich* have indicated the intent to use the following discovery documents at trial:

1.    Deposition Transcript of Mark Nobili, taken on June 19, 2020;

2.    Deposition Transcript of Walter Wotman, taken on November 30, 2023;

3.    Deposition Transcripts of Michael DiManno, Volumes I and II, taken on August 21, 2023 and November 8, 2023, respectively;

4.    Deposition Transcript of Michael Greco, taken on September 8, 2023;

5.    Deposition Transcript of Charles Musgrove, taken on July 13, 2023;

6.    Deposition transcript of Mani Kontokanis, taken on January 23, 2020;

7.    Initial Rule 26 Disclosure by VForce, served on May 13, 2019;

8.    Document Production by VForce, served on July 3, 2019, (BSN: VFORCE000001-000614);

9.    Document Production by VForce, served on August 1, 2019, (BSN: VFORCE000615-001346);

10.   Document Production by VForce, served on October 30, 2019, (BSN: VFORCE001346-001352);

11.   Initial Rule 26 Disclosure by Zurich, served on May 8, 2019, including production of documents (BSN: ZIR00001-000630);

12.   Initial Rule 26 Disclosure by CorTech, served on April 18, 2019, including production of documents (BSN: CORTECH-000001-000005);

13.   Initial Rule 26 Disclosure by Amazing and Campos, served on February 9, 2023, including production of documents;

14.   Initial Rule 26 Disclosure by Accuire Cross-Defendants, served on February 17, 2023;

15.   VForce's Interrogatories, Set One, to Accuire, served on September 8, 2020;

13

16.   Accuire's Responses to Interrogatories, Set One, propounded by VForce, served on October 14, 2020;

17.   VForce's Request for Production of Documents, Set One, to Accuire, served on September 8, 2020;

18.   Accuire's Responses to Request for Production of Documents, Set One, propounded by VForce, served on October 14, 2020;

19.   Documents produced by Accuire and DiManno on March 16, 2021 (BSN: Accuire/DiManno0001-1293)

20.   VForce's Request for Production of Documents, Set Three, to Accuire, served on November 16, 2021;

21.   Accuire's Responses to Request for Production of Documents, Set Three, propounded by VForce, served on December 16, 2021;

22.   Documents produced by Accuire on October 2, 2023

23.   VForce's Request for Production of Documents, Set Four, to Accuire, served on October 13, 2023;

24.   Accuire's Responses to Request for Production of Documents, Set Four, propounded by VForce, served on December 22, 2023;

25.   VForce's Request for Production of Documents, Set One, to BTN2, served on July 30, 2021;

26.   BTN2's Responses to Request for Production of Documents, Set One, propounded by VForce, served on October 12, 2021;

27.   VForce's Requests for Admission, Set One, to BTN2, served on July 30, 2021;

28.   BTN2's Responses to Requests for Admission, Set One, propounded by VForce, served on October 12, 2021;

29.   VForce's Interrogatories, Set One, to BTN2, served on July 30, 2021;

30.   BTN2's Responses to Interrogatories, Set One, propounded by VForce, served on October 12, 2021;

/////

14

31.  VForce's Request for Production of Documents, Set One, to Capserv, served on July 30, 2021;

32.  Capserv's Responses to Request for Production of Documents, Set One, propounded by VForce, served on October 12, 2021;

33.  VForce's Requests for Admission, Set One, to Capserv, served on July 30, 2021;

34.  Capserv's Responses to Requests for Admission, Set One, propounded by VForce, served on October 12, 2021;

35.  VForce's Interrogatories, Set One, to Capserv, served on July 30, 2021;

36.  Capserv's Responses to Interrogatories, Set One, propounded by VForce, served on October 12, 2021;

37.  VForce's Interrogatories, Set One, to DiManno, served on September 8, 2020;

38.  DiManno's Responses to Interrogatories, Set One, propounded by VForce, served on October 14, 2020;

39.  VForce's Request for Production of Documents, Set One, to DiManno, served on September 8, 2020;

40.  DiManno's Responses to Request for Production of Documents, Set One, propounded by VForce, served on October 14, 2020;

41.  VForce's Requests for Admission, Set One, to DiManno, served on September 8, 2020;

42.  DiManno's Responses to Requests for Admission, Set One, propounded by VForce, served on October 14, 2020;

43.  VForce's Request for Production of Documents, Set One, to DiManno, served on July 30, 2021;

44.  DiManno's Responses to Request for Production of Documents, Set Two, propounded by VForce, served on October 12, 2021;

45.  VForce's Requests for Admission, Set Two, to DiManno, DiManno on July 30, 2021;

/////

46.   DiManno's Responses to Requests for Admission, Set Two, propounded by VForce, served on October 12, 2021;

47.   VForce's Interrogatories, Set Two, to DiManno, served on July 30, 2021;

48.   DiManno's Responses to Interrogatories, Set Two, propounded by VForce, served on October 12, 2021;

49.   VForce's Request for Production of Documents, Set Three, to DiManno, served on November 16, 2021;

50.   DiManno's Responses to Request for Production of Documents, Set Three, propounded by VForce, served on December 16, 2021;

51.   Documents produced by Accuire on October 2, 2023

52.   VForce's Request for Production of Documents, Set Four, to DiManno, served on October 13, 2023;

53.   DiManno's Responses to Request for Production of Documents, Set Four, propounded by VForce, served on December 22, 2023;

54.   VForce's Request for Production of Documents, Set One, to Gardner, served on July 30, 2021;

55.   Gardner's Responses to Request for Production of Documents, Set One, propounded by VForce, served on October 12, 2021;

56.   VForce's Requests for Admission, Set One, to Gardner, served on July 30, 2021;

57.   Gardner's Responses to Requests for Admission, Set One, propounded by VForce, served on October 12, 2021;

58.   VForce's Interrogatories, Set One, to Gardner, served on July 30, 2021;

59.   Gardner's Responses to Interrogatories, Set One, propounded by VForce, served on October 12, 2021;

60.   VForce's Request for Production of Documents, Set One, to Kaiserkane, served on July 30, 2021;

61.   Kaiserkane's Responses to Request for Production of Documents, Set One, propounded by VForce, served on October 12, 2021;

62. VForce's Requests for Admission, Set One, to Kaiserkane, served on July 30, 2021;

63. Kaiserkane's Responses to Requests for Admission, Set One, propounded by VForce, served on October 12, 2021;

64. VForce's Interrogatories, Set One, to Kaiserkane, served on July 30, 2021;

65. Kaiserkane's Responses to Interrogatories, Set One, propounded by VForce, served on October 12, 2021;

66. VForce's Request for Production of Documents, Set One, to Musgrove, served on July 30, 2021;

67. Musgrove's Responses to Request for Production of Documents, Set One, propounded by VForce, served on October 12, 2021;

68. VForce's Requests for Admission, Set One, to Musgrove, served on July 30, 2021;

69. Musgrove's Responses to Requests for Admission, Set One, propounded by VForce, served on October 12, 2021;

70. VForce's Interrogatories, Set One, to Musgrove, served on July 30, 2021;

71. Musgrove's Responses to Interrogatories, Set One, propounded by VForce, served on October 12, 2021;

72. VForce's Request for Production of Documents, Set One, to Oglesby, served on July 30, 2021;

73. Oglesby's Responses to Request for Production of Documents, Set One, propounded by VForce, served on October 12, 2021;

74. VForce's Requests for Admission, Set One, to Oglesby, served on July 30, 2021;

75. Oglesby's Responses to Requests for Admission, Set One, propounded by VForce, served on October 12, 2021;

76. VForce's Interrogatories, Set One, to Oglesby, served on July 30, 2021;

77. Oglesby's Responses to Interrogatories, Set One, propounded by VForce, served on October 12, 2021;

78. Documents produced by Accuire Cross-Defendants on April 4, 2023;

79. Documents produced by Accuire Cross-Defendants on June 30, 2023 (BSN: ABT00001-00185);

80. Documents produced by Accuire Cross-Defendants on July 12, 2023 (BSN: ABT00186-00222);

81. VForce's Request for Production of Documents, Set One, to Amazing, served on January 31, 2023;

82. Amazing's Responses to Request for Production of Documents, Set One, propounded by VForce, served on March 15, 2023;

83. VForce's Requests for Admission, Set One, to Amazing, served on January 31, 2023;

84. Amazing's Responses to Requests for Admission, Set One, propounded by VForce, served on March 15, 2023;

85. VForce's Interrogatories, Set One, to Amazing, served on January 31, 2023;

86. Amazing's Responses to Interrogatories, Set One, propounded by VForce, served on March 15, 2023;

87. VForce's Request for Production of Documents, Set One, to Campos, served on January 31, 2023;

88. Campos' Responses to Request for Production of Documents, Set One, propounded by VForce, served on March 15, 2023;

89. VForce's Requests for Admission, Set One, to Campos, served on January 31, 2023;

90. Campos' Responses to Requests for Admission, Set One, propounded by VForce, served on March 15, 2023;

91. VForce's Interrogatories, Set One, to Campos, served on January 31, 2023;

92. Campos' Responses to Interrogatories, Set One, propounded by VForce, served on March 15, 2023;

93. Zurich's Request for Production of Documents, Set One, to CorTech, served on October 29, 2019;

18

94.     CorTech's Responses to Request for Production of Documents, Set One, propounded by Zurich, served on December 16, 2019;

95.     Zurich's Interrogatories, Set One, to CorTech, served on October 29, 2019;

96.     CorTech's Responses to Interrogatories, Set One, propounded by Zurich, served on December 16, 2019;

97.     VForce's Request for Production of Documents, Set One, to CorTech, served on September 8, 2020;

98.     CorTech's Responses to Request for Production of Documents, Set One, propounded by VForce, served on October 19, 2020;

99.     Document production by CorTech, served on October 19, 2020 (CORTECH-000001-000368)

100.    VForce's Requests for Admission, Set One, to CorTech, served on September 8, 2020;

101.    CorTech's Responses to Requests for Admission, Set One, propounded by VForce, served on October 19, 2020;

102.    VForce's Interrogatories, Set One, to CorTech, served on September 8, 2020;

103.    CorTech's Responses to Interrogatories, Set One, propounded by VForce, served on October 19, 2020;

104.    Zurich's Request for Production of Documents, Set One, to VForce, served on October 29, 2019;

105.    VForce's Responses to Request for Production of Documents, Set One, propounded by Zurich, served on December 16, 2019;

106.    Zurich's Interrogatories, Set One, to VForce, served on October 29, 2019;

107.    VForce's Responses to Interrogatories, Set One, propounded by Zurich, served on December 16, 2019;

The parties in *Amazing* have indicated their intent to use the discovery documents listed below at trial. However, the parties have failed to list such documents with the required degree of specificity. In their objections to the tentative pretrial order, the parties in *Amazing* shall each

19

provide their respective lists of the discovery documents they intend to use at trial with the degree of specificity reflected above in the list provided by the parties in *Zurich*, including any discovery documents that they intend to use for impeachment purposes.

      1.     Transcripts of the depositions of Alex Campos

      2.     Transcript of the deposition of Mike DiManno

      3.     Transcript of the deposition of Jay Levi

      4.     Transcript of the deposition of Kara Childress

      5.     Transcript of the deposition of Doug Anderton

      6.     Transcript of the deposition of Vikash Jain

      7.     Transcript of the deposition of Vensure (Rule 30(b)(6))

      8.     Documents produced in discovery in response to requests for production.

      9.     Documents produced in discovery in response to subpoena.

      10.    Responses to Requests for Admissions

      11.    Responses to Requests for Written Interrogatories.

XIII.   FURTHER DISCOVERY OR MOTIONS

None.  Discovery and law and motion are closed under the scheduling order issued in this case.

XIV.   STIPULATIONS

None.

At the pretrial conference, counsel for Amazing and VForce indicated a willingness to stipulate that, if the LOU is found at trial to be enforceable and Amazing is found to own some part of Accuire, then Amazing is liable to VForce for the amount owed to Zurich.  The parties are directed to confirm this stipulation in their objections to this tentative pretrial order

XV.    AMENDMENTS/DISMISSALS

None.

XVI.   SETTLEMENT

In *Zurich*, the parties attended settlement conferences on July 25, 2023 (Doc. No. 149); January 31, 2024 (Doc. No. 180); and November 8, 2024 (Doc. No. 226) before United States

1    Magistrate Judge Jeremy D. Peterson.

2            Pursuant to the discussion at the pretrial conference, the court has referred the *Amazing*

3    action to the assigned magistrate judge for the setting of a settlement conference prior to trial.

4    The assigned magistrate judge has referred the *Amazing* action to Magistrate Judge Jeremy D.

5    Peterson for the setting of such a settlement conference.  (*See Amazing*, Doc. No. 128.)

6            Additionally, pursuant to the discussion with counsel conducted at the pretrial conference,

7    the court hereby refers the *Zurich* action to United States Magistrate Judge Jeremy D. Peterson.

8    for the setting of a further settlement conference to be held after the settlement conference in

9    *Amazing* has been conducted.

10   XVII.   <u>JOINT STATEMENT OF THE CASE</u>

11           The parties in *Amazing* have agreed to the following joint statement of the case:

12               The case centers on whether or not Amazing has an ownership in
                 Accuire.  VForce has made the argument that any liability it may
13               have to Zurich in the *Zurich* case may be indemnified under the
                 Guaranty and/or the Binding Letter of Understanding that is at issue
14               in *Amazing* case.  It is therefore disputed in this case as to if the
                 Guaranty and/or the Binding Letter of Understanding is enforceable.
15               That outcome impacts the ownership of Accuire and thus any
                 indemnification of Amazing to VForce.
16

17           The parties in *Zurich* have not provided an agreed-upon neutral statement of the case as

18   required by the Standing Order (Doc. No. 133).  The parties in *Zurich* shall meet and confer and

19   file a joint neutral statement of the case within **fourteen (14) days** from the date of entry of this

20   order.

21   XVIII.  <u>SEPARATE TRIAL OF ISSUES</u>

22           On May 6, 2022, VForce filed a motion to consolidate the *Zurich* and *Amazing* actions for

23   the purposes of trial.  (*Zurich*, Doc. No. 124; *Amazing*, Doc. No. 104.)[6]  On September 11, 2023,

24   the court issued an order granting that motion in part, as described above.  (*Zurich*, Doc.

25   No. 158.)  In that order, the court noted that consolidation would "avoid unnecessary costs,

26   */////*

27   _____

28   [6]  The *Zurich* and *Amazing* actions were reassigned to the undersigned on August 25, 2022.
     (*Zurich*, Doc. No. 132; *Amazing*, Doc. No. 112.)

                                           21

duplication of proceedings, and the risk of inconsistent judgments." (*Amazing*, Doc. No. 104 at 4.)

At the pretrial conference, the parties requested that separate trials be conducted in light of the court's recent orders granting Zurich's and VForce's motions for summary judgment in their favor. (*See Zurich*, Doc. Nos. 213, 218.)  However, the parties did not explain how anything in those recent orders undercut the reasoning in the court's order granting the motion to consolidate. Nor is any such reason apparent to the court.  Accordingly, the court declines to reconsider its order granting VForce's motion to consolidate at this time without prejudice.

XIX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XX.   ATTORNEYS' FEES

VForce, Amazing, Accuire, and DiManno will each seek attorneys' fees and costs if each party prevails.

XXI.   TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

None.

XXII.   MISCELLANEOUS

Not applicable.

XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is scheduled for **February 11**, **2025** at 9:00 a.m. in Courtroom 4 before the Honorable Dale A. Drozd.  Trial is anticipated to last approximately 10 court days.  The parties are directed to Judge Drozd's Standing Order in Civil Actions, available on his webpage on the court's website.

Counsel are directed to contact Pete Buzo, courtroom deputy, at (916) 930-4016, no later than one week prior to trial to ascertain the status of the trial date.

XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be limited to fifteen minutes of supplemental jury *voir dire*.

/////

22

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV.  TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

XXVI. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **21 days from the date of entry of this order** to file objections to the same.  Each party is also granted **7 days thereafter** to respond to the other party's objections. If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated:   **December 18, 2024**                          _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Accuire's Witness List in *Amazing*

1.   Alex Campos

2.   Jay Levi

3.   Vikash Jain

4.   Gerald Douglas Anderton

5.   Kara Childress

6.   Rehmut Peerbhai

7.   Mike DiManno

8.   Ronald Wolcott

9.   David Glenn

10.  Lisa Lott

11.  Steve Serafin

12.  Charles Musgrove

**ATTACHMENT B**

Joint Witness List in *Zurich*

1.      Mark Nobili, can be contacted through Counsel for VForce

2.      Michael DiManno, can be contacted through Counsel

3.      Mani Kontokanis, can be contacted through Counsel for VForce

4.      Charles Musgrove, can be contacted through Counsel

5.      Alex Campos, can be contacted through Counsel

6.      Walter Wotman of Morgan, Daggett & Wotman, LLP, 3585 Maple St #262, Ventura, California 93003

7.      Michael Greco, can be contacted through Counsel for CorTech

8.      Retained Expert for VForce - Forrest Vickery, ASA, Managing Director, Northern California, Sanli Pastore & Hill, Inc., 100 Howe Avenue, Suite 220N, Sacramento, California 95825

9.      Non-Retained Expert noticed by VForce – Bob Manley, The Safeguard Group, Inc., 100 Granite Drive, Suite 205, Media. PA 19063

10.     Adam Forbes

**ATTACHMENT C**

Joint Exhibit List in *Zurich*

| Exhibit No. | Description |
|---|---|
| JXZ – 1. | Agreement between BTN2, VForce and Accuire, dated December 22, 2024 (Exhibit 2 to Deposition Transcript of Michael Greco) |
| JXZ – 2. | Action by Written Consent of Managers and Members of Accuire, dated December 29, 2016 (Bate Stamp No. ("BSN"): Accuire/DiManno0667-0670) |
| JXZ – 3. | Binding Letter of Understanding, dated November 29, 2016 (BSN: Accuire/DiManno0676-0688) |
| JXZ – 4. | First Addendum to Binding Letter of Understanding, dated December 28, 2016 (BSN: Accuire/DiManno0671-0675) |
| JXZ – 5. | Asset Purchase Agreement, signed by VForce Staffing Solutions, CorTech and Accuire, dated April 20, 2018 (Exhibit 3 to Deposition Transcript of Michael Greco) |
| JXZ – 6. | Labor Services Agreement between VForce and BTN2, effective date of December 30, 2013 (BSN: VFORCE000001-000013) |
| JXZ – 7. | Agreement for Assets Exchanged for Ownership Interest between VForce and BTN2, dated April 15, 2014 (BSN: ABT00096-00138) |
| JXZ – 8. | BTN2's WCIRB Notification of Change of Ownership and/or Combinability of Entities, dated 07/01/15 (BSN: ABT00044-00050) |
| JXZ – 9. | Assignment of Interest in Accuire, dated October 1, 2015 (BSN: ABT00070-00072) |
| JXZ – 10. | Unanimous Written Consent of the Members of BTN2 and Plan of Dissolution (BSN: ABT00139-00148) |
| JXZ – 11. | Operating Agreement of Samuel Hale LLC, dated April 5, 2016 (BSN: ABT00154-00185) |
| ///// | |

| JXZ – 12. | Florida Articles of Organization for Samual Hale, LLC, dated April 5, 2016 (Exhibit 13 to Deposition Transcript of DiManno) |
|---|---|
| JXZ – 13. | Florida Limited Liability Company Reinstatement for Samuel Hale, LLC, dated February 14, 2022 (Exhibit 14 to Deposition Transcript of DiManno) |
| JXZ – 14. | California Statement of Information for Samuel Hale, LLC, dated February 5, 2023 (Exhibit 16 to Deposition Transcript of DiManno) |
| JXZ – 15. | Indemnification and Guaranty by Amazing and Campos, dated January 4, 2017 (BSN: Accuire/DiManno1045-1047) |
| JXZ – 16. | Accuire Balance Sheet as of December 31, 2017 (Exhibit 23 to Deposition Transcript of DiManno) |
| JXZ – 17. | Excerpts from General Ledger of Accuire for January-December 2017 (Exhibit 24 to Deposition Transcript of DiManno) |
| JXZ – 18. | Accuire Balance Sheet as of December 31, 2018 (Exhibit 25 to Deposition Transcript of DiManno) |
| JXZ – 19. | Excerpts from General Ledger of Accuire for January-December 2018 (Exhibit 26 to Deposition Transcript of DiManno) |
| JXZ – 20. | Accuire Balance Sheet as of December 31, 2019 (Exhibit 27 to Deposition Transcript of DiManno) |
| JXZ – 21. | Accuire Balance Sheet as of December 31, 2020 (Exhibit 28 to Deposition Transcript of DiManno) |
| JXZ – 22. | Excerpts from General Ledger of Accuire for January-December 2020 (Exhibit 29 to Deposition Transcript of DiManno) |
| JXZ – 23. | Florida Limited Liability Company Details for VF Staffing LLC (Exhibit 30 to Deposition Transcript of DiManno) |
| JXZ – 24. | December 10-11, 2014 Emails between DiManno, Nobili and Kontokanis (BSN: VFORCE000706-000707) |
| JXZ – 25. | April 24, 2015 Email from DiManno to Kontokanis (BSN: VFORCE001155) |

| | |
|---|---|
| JXZ – 26. | May 12, 2015 Email from Kontokanis to DiManno (BSN: VFROCE001144) |
| JXZ – 27. | Records produced by Wotman in response to deposition subpoena (BSN: WOTMAN-0001-0600) |
| JXZ – 28. | Emails Produced by Wotman in response to deposition subpoena (BSN: WOTMAN-0410-0426) |
| JXZ – 29. | IRS Proposed Employer Shared Responsibility Payment Follow-up Letter to Accuire, dated August 16, 2021 (BSN: WOTMAN-0367-0376) |
| JXZ – 30. | March-April 2015 Email Chain between VForce and BTN2 re VForce Inc. Payroll Processing (Exhibit 14 to Deposition Transcript of Charles Musgrove) |
| JXZ – 31. | Records produced by Bank of America on October 22, 2021 in response to subpoena for production of records (BSN: BANA-ACQ0001-1190) |
| JXZ – 32. | Records produced by DeBellas & Co., LLC on February 9, 2021 in response to subpoena for production of records (BSN: VForce-DeBellas & Co. LLC 000001-011259) |
| JXZ – 33. | Records produced by Total Trust Retirement Fund and UFCW & Employers Trust, LLC in response to subpoenas for production of records (BSN: TTRF-0001-0037) |
| JXZ – 34. | December 18-19, 2014 Emails between DiManno, Nobili and Kontokanis (BSN: VFORCE000306-000308) |
| JXZ – 35. | April 24, 2015 Email from DiManno to Kontokanis (BSN: VFORCE000435) |
| JXZ – 36. | December 19, 2014 Email from Nobili to Forbes (BSN: VFORCE000316-00318) |
| JXZ – 37. | December 21, 2014 Emails between DiManno, Nobili, Musgrove and Kontokanis (BSN: VFORCE000767-000769) |
| JXZ – 38. | April 24, 2015 Emails between Musgrove ad Kontokanis (BSN: VFORCE000443-000444) |
| JXZ – 39. | Florida Articles and Dissolution (BTN2) |
| JXZ – 40. | History of Accuire premium payments to Zurich (1/14/15 to 12/8/15) |

**ATTACHMENT D**

Accuire's Exhibit List in *Zurich*

A.    All documents received by DiManno from Zurich regarding the VForce post-policy audit, including excel spreadsheets.

B.    All email exchanges between DiManno and Zurich regarding the VForce post-policy audit

C.    All correspondence with Bob Thompson (Worldwide) regarding issuance of VForce/Accuire policy by Zurich.

D.    All correspondence with Adam Forbes regarding issuance of VForce/Accuire policy by Zurich.

E.    NCCI Article "Eliminating Anniversary Date Rule" (April 5, 2017).

**ATTACHMENT E**

Joint Exhibit List in *Amazing*

| Exhibit No. | Description |
|---|---|
| JXA – 1. | Binding Letter of Understanding (11/29/16) |
| JXA – 2. | First Addendum LOU (12/16) |
| JXA – 3. | Indemnification & Guaranty (1/1/17) |
| JXA – 4. | Term Sheet (3/30/19) |
| JXA – 5. | Wells Fargo correspondence re Accuire Line of Credit |
| JXA – 6. | Sterling National Bank – Campos Loan Application |
| JXA – 7. | Campos Financial Statement |
| JXA – 8. | Campos summary of stocks and bonds 2016 |
| JXA – 9. | 2017 Accuire Audit email chain |
| JXA – 10. | 2017 Final Audit Report |
| JXA – 11. | Lisa Lott – email chain re audit report |
| JXA – 12. | Jay Levi email 5/11/17 |
| JXA – 13. | Jay Levi email 7/11/17 |
| JXA – 14. | Campos email chain (1/17/18) |
| JXA – 15. | Email chain re Cencal loan (7/17/17) |
| JXA – 16. | Preferred Share Agreement (7/11/17) |
| JXA – 17. | Recommended Order (Fl. Div. of Admin. Hrgs.) |
| JXA – 18. | Denial of Campos' Reinstatement (Fl. Div. of Admin. Hrgs.) |
| JXA – 19. | Georgia Department of Finance Exclusion Order (Campos) |
| JXA – 20. | Opinion in *Members of Lloyd's v. Ins. Co of America*, 16-cv-374 (SDNY 3/31/17). |
| JXA – 21. | Email Mike DiManno to Campos (9/1/17) |
| JXA – 22. | Amended Operating Agreement (Accuire) |
| JXA – 23. | Campos Affidavit (6/17/19) |

| JXA – 24. | Email V. Jain to S. Serafin (7/16/19) |
|-----------|----------------------------------------|
| JXA – 25. | Notice of Special Meeting |
| JXA – 26. | "Deal Points" Memo |
| JXA – 27. | Email DiManno to Campos, Jain and Anderton ("you 3 are my partners") |
| JXA – 28. | Email DiManno to Campos (Nov. 2016) re Vensure rates |
| JXA – 29. | Notices of Default (2019) |
| JXA – 30. | Emails DiManno to Campos (July 2017) |
| JXA – 31. | Management Consent Forms |
| JXA – 32. | Anderton Reimbursement Request |
| JXA – 33. | Emails DiManno to Campos (Dec. 2017) |
| JXA – 34. | Email chain Campos to DiManno (Jan. 2018) |
| JXA – 35. | Email DiManno to Vensure (Oct. 2018) |