UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VFORCE INC., et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-02066-DAD-CKD<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT AND MOTION TO AMEND JUDGMENT<br><br>(Doc. Nos. 216, 220) |
| VFORCE INC.,<br><br>　　　　　Cross-Claimant and<br>　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>CORTECH, LLC, et al.,<br><br>　　　　　Cross-Defendant and<br>　　　　　Third-Party Defendants. | |

　　　This matter is before the court on the motion for judgment filed on October 1, 2024 and the motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) filed on October 15, 2024, both on behalf of plaintiff Zurich American Insurance Company of Illinois. (Doc. Nos. 216, 220.) On October 31, 2024, those motions were taken under submission on the

/////

1  papers pursuant to Local Rule 230(g).  (Doc. No. 222.)  For the reasons explained below, the
2  court will grant both pending motions.

## BACKGROUND

4  The parties are familiar with the long, torturous history of this case.  A more complete
5  factual background may be found in the various orders resolving motions for summary judgment
6  in this case.  (*See* Doc. Nos. 182, 211, 213, 218.)  In short, plaintiff brought one claim for breach
7  of contract against defendant VForce Inc. ("VForce") and defendant Cortech, LLC arising from
8  defendants' failure to pay insurance premiums.  (*See* Doc. No. 6.)  VForce brought nine claims
9  for indemnification of any premiums it might owe to plaintiff.  (*See* Doc. No. 201.)  Because the
10 entity that had initially agreed to indemnify VForce had dissolved, VForce asserted its claims
11 against a dozen cross- and third-party defendants that it alleged were the successors to or alter
12 egos of that entity.  (*See id.*)

13 On September 18, 2024, the court issued an order finding that plaintiff was entitled to
14 summary judgment in its favor and against VForce on plaintiff's sole claim for breach of contract.
15 (Doc. No. 213.)  The court concluded therein that plaintiff was entitled to "damages in the amount
16 of $612,656.00 and prejudgment interest according to proof."  (*Id.* at 4.)  The court expressly
17 noted that it would not direct the Clerk of the Court to enter final judgment at that time in light of
18 the requirements of Federal Rule of Civil Procedure 54(b).  (*Id.*)  On October 1, 2024, the parties
19 filed a stipulation permitting plaintiff to voluntarily dismiss its claim against defendant Cortech,
20 LLC; the court dismissed that claim pursuant to the parties' stipulation the following day.  (Doc.
21 Nos. 214, 217.)

22 On October 1, 2024, plaintiff filed its pending motion for judgment.  (Doc. No. 216.)
23 Plaintiff requested that the court enter final judgment and noted that the court had previously
24 declined to do so pursuant to Rule 54(b).  (*Id.*)  VForce did not file any opposition to this motion.

25 On October 15, 2024, two weeks after filing its motion noting the lack of a final judgment,
26 plaintiff filed its pending motion to amend the judgment to include prejudgment interest from the
27 period of July 6, 2016 through September 18, 2024.  (Doc. No. 220.)  VForce filed its opposition
28 to that motion on October 29, 2024, seeking to have the court apply a lower interest rate than that

requested by plaintiff and to exclude certain periods of time from the calculation of the award of prejudgment interest. (Doc. No. 221.) On November 8, 2024, plaintiff filed its reply thereto. (Doc. No. 225.)

## LEGAL STANDARD

**A.    Rule 54(b)**

Federal Rule of Civil Procedure 54(b) provides that when "an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Supreme Court has set forth a two-step process for courts to evaluate a Rule 54(b) motion. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "A district court must first determine that it has rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (internal quotation marks omitted). "Then it must determine whether there is any just reason for delay." *Id.* The "court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. "Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.* (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). As the Supreme Court has explained, Rule 54(b) was adopted "to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015) (citation, internal quotation marks, and brackets omitted).

However, concerns about judicial economy counsel that Rule 54(b) should be used sparingly. *See Curtiss-Wright Corp.*, 446 U.S. at 10 ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."). In deciding whether to enter final judgment under Rule 54(b), courts should consider "whether the certified order is sufficiently divisible from the other claims such that the 'case would not inevitably come back to this court on the same set of facts.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting

3

1  *Wood*, 422 F.3d at 878) (brackets omitted); *see also Curtiss-Wright Corp.*, 446 U.S. at 8

2  (concluding that the district court properly "consider[ed] such factors as whether the claims under

3  review were separable from the others remaining to be adjudicated and whether the nature of the

4  claims already determined was such that no appellate court would have to decide the same issues

5  more than once even if there were subsequent appeals"). Nevertheless, the issues raised on

6  appeal need not be "completely distinct" from the rest of the action in order to enter final

7  judgment. *Jewel*, 810 F.3d at 628.

**B.     Rule 59(e)**

Federal Rule of Civil Procedure 59(e) permits the filing of a motion to alter or amend a judgment by no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "[W]hen an original judgment does not allow for mandatory prejudgment interest, revising the judgment to include prejudgment interest requires amending the judgment under Federal Rule of Civil Procedure 59(e)." *Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.*, No. 16-cv-01246-WHO, 2017 WL 2335374, at *2 (N.D. Cal. May 30, 2017) (citing *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1131 (9th Cir. 2004)), *aff'd*, 916 F.3d 769 (9th Cir. 2019).

**ANALYSIS**

**A.     The Appropriate Procedural Vehicle for the Pending Motions**

The parties' briefing addressing the pending motions is deficient in many important respects.[1] As relevant here, plaintiff has requested entry of final judgment in its favor on its sole remaining claim, i.e., breach of contract asserted against VForce. (Doc. No. 216.) In its motion,

---

[1] Plaintiff filed a motion for entry of judgment that failed to address Rule 54(b), then filed a contradictory and procedurally improper motion to amend the (non-existent) judgment. (Doc. Nos. 216, 220.) Plaintiff and VForce devoted most of their briefing to how the court should exercise its discretion under federal law, with neither party noting that in fact state law applies to the award of prejudgment interest in this diversity action and that the governing provisions of state law do not afford the court any discretion at all. (*See* Doc. Nos. 220-1, 221, 225.) Finally, plaintiff committed an arithmetic error in its calculation of prejudgment interest. (*See* Doc. No. 220-1 at 6.) However, because plaintiff clearly requested an award of prejudgment interest from July 6, 2016 through September 18, 2024 pursuant to California Civil Code § 3287(a), and because the court finds that such an award is required by the applicable law as discussed below, the court will grant plaintiff's request in this regard. Because the parties' briefing is largely unhelpful, the court summarizes the parties' contentions only briefly and where relevant.

4

plaintiff acknowledged that the court had previously declined to direct the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) in its September 18, 2024 order. (*Id.*) (citing Doc. No. 213 at 4). Inexplicably, plaintiff subsequently filed its motion to amend the judgment to include prejudgment interest, in which plaintiff states that "[s]ummary judgment in favor of Zurich against VForce . . . was entered by the court . . . on September 18, 2024" and requests that the court amend "the September 18, 2024 entry of judgment." (Doc. No. 220-1 at 1–2.) As both the court and plaintiff have noted, there has been no entry of judgment in this action.[2]

"Rule 59(e) 'clearly contemplates entry of judgment as a predicate to any motion.'" *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989). "[T]he word 'judgment' encompasses final judgment and appealable interlocutory orders." *Id.* Here, the court expressly declined to direct the entry of final judgment pursuant to Rule 54(b). (*See* Doc. No. 213 at 4.) Plaintiff's motion to amend the judgment is therefore procedurally improper and could be denied on this basis. *See Balla*, 869 F.2d at 467 (affirming the district court's denial of the plaintiffs' Rule 59(e) motion where the district court's order "did not 'end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment' . . . [n]or is it an interlocutory order for which appeal is authorized under . . . [Rule] 54(b)") (first two alterations in original); *Lyons v. Baughman*, No. 01-cv-00412-LKK-KJM, 2007 WL 1378022, at *2 & n.2 (E.D. Cal. May 10, 2007) (noting that a Rule 59(e) motion would be improper there where "no judgment has been entered, because summary judgment was only granted as to some (but not all) defendants") (citing Fed. R. Civ. P. 54(b)).

Nonetheless, the court will construe plaintiff's pending motion to amend the judgment as a motion for reconsideration brought pursuant to Rule 54(b). *See* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *Lyons*, 2007 WL 1378022, at *2 ("While plaintiff could have sought final judgment

---

[2] VForce did not note this point in its opposition and appears to have assumed that Rule 59(e) applies here.

5

1  with respect to the defendants whose motion for summary judgment was granted, and then moved
2  to alter or amend under Rule 59(e), plaintiff has not taken this course.  Indeed, plaintiff need not
3  do so, because of the third means by which reconsideration may be sought:  Rule 54(b).").  "As
4  long as a district court has jurisdiction over the case, then it possesses the inherent procedural
5  power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be
6  sufficient." *Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 741 (9th Cir. 2025).

7  First, the court will consider whether to amend its September 18, 2024 order to include prejudgment interest from July 6, 2016 through September 18, 2024 as requested by plaintiff. Second, the court will consider whether to direct the entry of final judgment as to plaintiff's claim for breach of contract against VForce.

**B.       Plaintiff's Request for an Award of Prejudgment Interest**

In its motion to amend the judgment, plaintiff requests prejudgment interest at a rate of 10% simple interest per year pursuant to California Civil Code §§ 3287(a) and 3289(b) from July 6, 2016 through September 18, 2024.[3]  (Doc. No. 220-1 at 4–5.)

1.       The Rate of Interest

"Prejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism." *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 961 (9th Cir. 2008).  "[I]n diversity actions, state law determines the rate of prejudgment interest . . . ." *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998).  VForce provides no authority in support of its argument that Local Rule 590,[4] rather than California Civil Code

---

[3] California Civil Code § 3287(a) provides in relevant part: "A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day . . . ." Cal. Civ. Code § 3287(a).

California Civil Code § 3289(b) provides: "If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289(b).

[4] Local Rule 590 provides: "*Unless the Court directs otherwise*, an award of prejudgment interest shall be computed at the rate authorized in 28 U.S.C. § 1961, providing for interest on judgments." L.R. 590 (emphasis added).

6

1  § 3289(b), somehow governs the rate of interest in this diversity action for breach of a contract
2  with no stipulated rate of interest.  VForce argues simply that because "the court has not indicated
3  otherwise in this extensive litigation, Local Rule 590 should govern the prejudgment interest rate
4  in this case[.]"  (Doc. No. 221 at 3.)  The court concludes that a rate of 10 percent per annum
5  applies in this case pursuant to the binding Ninth Circuit authority cited above and § 3289(b).  *See*
6  *Westport*, 2017 WL 2335374, at *4 (Under these circumstances, the appropriate prejudgment
7  interest rate is 10 percent."), *aff'd*, 916 F.3d at 782 ("[T]he district court did not abuse its
8  discretion in holding that . . . [the plaintiff is] entitled to ten percent prejudgment interest.").

         2.        <u>The Exclusion of Time</u>

10       The parties dispute whether considerations of fairness support excluding certain periods of
11 time from the calculation of prejudgment interest here.  (*See* Doc. Nos. 220-1 at 4 (plaintiff
12 stating in its motion that awards of prejudgment interest are governed by considerations of
13 fairness) (citing *Purcell v. United States*, 1 F.3d 932, 942–43 (9th Cir. 1993)); 221 at 4–6 (VForce
14 stating the same) (citing *Purcell*, 1 F.3d at 942–43)).  However, the parties do not address
15 whether the court may account for considerations of fairness under California Civil Code
16 § 3287(a), the state law provision pursuant to which plaintiff seeks an award of prejudgment
17 interest.  Neither party noted the preceding sentence of the Ninth Circuit's opinion in *Purcell*:
18 "[T]he award of pre-judgment interest *in a case under federal law* is a matter left to the sound
19 discretion of the court.  Awards of pre-judgment interest are governed by considerations of
20 fairness . . . ."  1 F.3d at 942–43 (emphasis added).  The Ninth Circuit's decisions espousing this
21 rule of law pertain to claims arising under federal law.  *See, e.g.*, *United States v. Cal. State Bd. of*
22 *Equalization*, 650 F.2d 1127, 1132 (9th Cir. 1981) (considering prejudgment interest "in a case
23 under federal law").

24       Here, the applicable state law does not permit the court to analyze considerations of
25 fairness in determining the amount of prejudgment interest to be awarded.  *Cf. Erhart v. Bofl*
26 *Holding, Inc.*, No. 15-cv-02287-BAS-NLS, 2023 WL 6382479, at *3–7 (S.D. Cal. Sept. 28, 2023)
27 (first applying § 3287(a) to the plaintiff's request for prejudgment interest on his state law claims
28 and then analyzing considerations of fairness for plaintiff's request for prejudgment interest on

7

1  his federal law claims). "[P]rejudgment interest under section 3287(a) becomes available as of
2  the day the amount at issue becomes 'calculable . . . mechanically, on the basis of uncontested
3  and conceded evidence,' and it is available 'as a matter of right,' rather than at the discretion of a
4  court." *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015) (omissions in original)
5  (quoting *Leff v. Gunter*, 33 Cal. 3d 508, 520 (1983)); *see also Glassman v. Safeco Ins. Co. of Am.*,
6  90 Cal. App. 5th 1281, 1314–15 (2023) ("[T]he court has no discretion, but must award
7  prejudgment interest upon request, from the day there exists both a breach and a liquidated
8  claim.") (alterations in original).

9        VForce does not dispute anywhere in its opposition that California Civil Code § 3287(a)
10 applies here, nor that the amount at issue in this action became calculable on July 6, 2016 when
11 plaintiff issued to VForce the "Audit Adjustment of Premium" and demanded payment of
12 $612,656.00 in additional premiums.  (*See* Doc. No. 221 at 3.)  Accordingly, the court rejects
13 VForce's arguments regarding considerations of fairness.  *See Westport*, 2017 WL 2335374, at *3
14 ("Having concluded that Westport's damages were certain and California Civil Code
15 section 3287(a) applies, 'the trial court has no discretion—it must award prejudgment interest
16 from the first day there exists both a breach and a liquidated claim.'") (quoting *Thompson v.
17 Asimos*, 6 Cal. App. 5th 970, 991 (2016)), *aff'd*, 916 F.3d at 783 ("The present case also concerns
18 the interpretation and prioritization of the insurance policies at issue—all legal questions.
19 Accordingly, California Casualty is liable for prejudgment interest [under § 3287(a)] from the
20 'date of settlement because that is the date that the loss is certain or capable of being made certain
21 by calculation.'").

22       3.    <u>Calculation of Prejudgment Interest</u>

23       Plaintiff requests an award of prejudgment interest of "$556,183.26 ($185.58 per day at
24 10% simple interest per annum multiplied by 2997 days)."  (Doc. No. 220-1 at 2.)  Plaintiff
25 arrives at this number by stating that the "daily interest rate on the principal amount of
26 $612,656.00 at 10 percent per annum is $185.58 per day."  (*Id.* at 6.)  It is unclear how plaintiff
27 arrived at the figure of $185.58.  Ten percent simple interest on a principal of $612,656.00 yields
28 /////

8

1  $61,265.60 per year, which—divided by 365 days per year—amounts to $167.85 per day.[5]

2  Therefore, the appropriate award of prejudgment interest in this case is instead $503,049.32.[6]

**C.    Whether to Direct Entry of Final Judgment Pursuant to Rule 54(b)**

A district court may consider *sua sponte* whether to direct the entry of final judgment pursuant to Rule 54(b). *See Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 948 n.3 (7th Cir. 1980) ("[I]t would seem that the trial judge did no more than anticipate what surely would have been Lincolnwood's next motion. In any event, the rule specifies no particular procedure for obtaining a Rule 54(b) certification and there is precedent for raising the question on the court's motion. 10 C. Wright & A. Miller, Federal Practice and Procedure s 2660 at 85–86 (1973)."); *State Treasurer of State of Mich. v. Barry*, 168 F.3d 8, 14 (11th Cir. 1999) ("The district court, *sua sponte* or on motion, could have certified that there was no reason for delay and directed the entry of final judgment . . . . Rule 54(b) allows the district court to control its docket and to make an independent determination whether an exception to the final decision rule is warranted in an individual case under appropriate circumstances."); *Ioane v. Spjute*, No. 1:07-cv-00620-AWI-EPG, 2016 WL 5235042, at *1 (E.D. Cal. Sept. 22, 2016) ("The court now *sua sponte* raises the issue of Fed. Rule Civ. Proc. 54(b) certification to allow entry of final judgment . . . .") (italics added).

At the first step of the inquiry, the court finds that it has "rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood*, 422 F.3d at 878. The court's September 18, 2024 order disposed of plaintiff's claim for breach of contract asserted against VForce in its entirety. (*See* Doc. No. 213.)

At the second step, the court concludes that the interests of sound judicial administration support the entry of judgment and that there is no just reason for delay. Turning to the common "guiding principle" for Rule 54(b) certification, the court notes that there is little if any "similarity

---

[5] VForce does not mention plaintiff's arithmetic error in its opposition.

[6] $612,656.00 x (10% simple interest rate per year) x (1 year per 365 days) x 2,997 days = $503,049.32

of legal or factual issues [that] will weigh heavily against entry of judgment under" Rule 54(b). *Wood*, 422 F.3d at 882. Plaintiff asserts one claim against VForce for the unpaid premiums owed by VForce to plaintiff pursuant to a contract signed on December 15, 2014. (*See* Doc. No. 6.) VForce's cross- and third-party claims, by contrast, arise from the alleged failure of the cross- and third-party defendants to indemnify VForce for the amount paid to plaintiff pursuant to separate contracts and agreements between VForce and the cross- and third-party defendants. (*See* Doc. No. 201.) In the view of the undersigned, there is little to no "overlap" between these separable claims, and therefore no real risk that the Ninth Circuit would need to decide the same issues multiple times. *Wood*, 422 F.3d at 882; *see also Curtiss-Wright*, 446 U.S. at 8 ("It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.").

Moreover, entry of final judgment would "aid 'expeditious decision' of the case" here. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991); *cf. Curtiss-Wright*, 446 U.S. at 8 n.2 ("[I]f the district court concluded that there was a possibility that an appellate court would have to face the same issues on a subsequent appeal, this might perhaps be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims."); *Wood*, 422 F.3d at 882 n.6 (noting that "settlement prospects that turn on immediate appeal would be a finding to which we would defer"). VForce appears to have settled its claims with the various cross- and third-party defendants in this action but has represented that finalization of the long-form settlement agreement depends in part on the resolution of plaintiff's pending motions addressed by this order, presumably because the claims to be settled involve indemnification of the amounts owed by VForce to plaintiff, potentially including prejudgment interest. (*See* Doc. No. 253 at 2–3.)

/////

/////

/////

10

Finally, the court notes the complex web of entities and contracts that have contributed to the lengthy life of this case.[7] *Compare Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) ("Nonetheless, given the size and complexity of this case, we cannot condemn the district court's effort to carve out threshold claims and thus streamline further litigation."), *with Wood*, 422 F.3d at 882 ("Trial would be neither lengthy nor complex; it is a single plaintiff, single defendant case involving a discrete employment relationship that played out in a relatively short time among relatively few actors."). The claims, cross-claims, and third-party claims here involve over a dozen entity and individual parties, and the allegations of misconduct in these claims span nearly three years.[8]

Accordingly, the court will grant plaintiff's motion for entry of final judgment. *See Continental Airlines*, 819 F.2d at 1524–25 (finding that "Rule 54(b) certification was proper under the circumstances of this case" "given the size and complexity of this case" and where the "partial summary judgments at issue here . . . barred recovery by Continental" against certain defendants but "did *not* affect Continental's potential recovery against any appellee for passenger indemnification").

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's motion to amend the judgment (Doc. No. 220) is construed as being brought pursuant to Rule 54(b) and is GRANTED;

2. Plaintiff's motion for judgment (Doc. No. 216) is GRANTED;

/////

/////

/////

---

[7] To be precise, the court does not suggest that the duration of the case supports Rule 54(b) certification. Rather, the court simply notes the length of this litigation to underscore its unusually complicated nature.

[8] Because the action that was consolidated in part for trial with this case has since been dismissed, the court does not consider the additional claims and parties in that action. *See Amazing Ins., Inc. v. DiManno*, No. 2:19-cv-01349-DAD-CKD (E.D. Cal.).

1     3.     The Clerk of the Court is directed to enter judgment in favor of plaintiff Zurich American Insurance Company of Illinois and against defendant VForce Inc. for damages in the amount of $612,656.00 and prejudgment interest in the amount of $503,049.32; and

4. All parties in this action, with the exception of plaintiff, are directed to file dispositional documents in this action by no later than June 6, 2025.

IT IS SO ORDERED.

Dated: **May 21, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE