UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>    Plaintiff,<br><br>    v.<br><br>VFORCE INC., et al.,<br><br>    Defendants. | No. 2:18-cv-02066-DAD-CKD<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST THE PARTIES' COUNSEL<br><br>(Doc. No.) |

On February 3, 2025, all parties attended a settlement conference before a United States Magistrate Judge and settled the remaining claims in this action. (Doc. No. 250.) The court issued a minute order on February 4, 2025 directing that the "settlement agreement [was] to be finalized within 30 days." (Doc. No. 251.) On March 27, 2025, the settling parties[1] filed a stipulation requesting that the court extend the deadline to file dispositional documents to April 21, 2025. (Doc. No. 253 at 3.) The court issued a minute order granting the parties' request the following day. (Doc. No. 254.) The parties failed to file dispositional documents, a status report, or a stipulation requesting an extension of the deadline. Therefore, on April 30, 2025, the

---

[1] As noted below, while plaintiff Zurich American Insurance Company of Illinois did not settle its sole claim in this action, asserted against defendant VForce Inc., judgment has since been entered as to plaintiff's sole claim. (*See* Doc. Nos. 257, 258.)

1

court issued a minute order noting that the parties had failed to file dispositional documents and directing the parties to do so by no later than May 9, 2025. (Doc. No. 255.) The parties again failed to do so. On May 21, 2025, the court issued an order granting plaintiff's motion for judgment and motion to amend the judgment. (Doc. No. 257.) In that order, the court stated that "all parties in this action, with the exception of plaintiff, are directed to file dispositional documents in this action by no later than June 6, 2025. (Doc. No. 257 at 12.) For a third time, no such documents have been filed. Nor have the parties filed any status report explaining their failure to obey court orders or any stipulation requesting an extension of the relevant deadlines.

Accordingly, **all parties in this action, with the exception of plaintiff, are ordered to show cause in writing within seven (7) days** from the date of entry of this order why sanctions should not issue against their counsel due to their repeated failure to follow the court's orders. *See Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995) (noting the court has the inherent power to manage its own proceedings and to "discipline the members of the bar who appear before it"); *see also Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996) (noting the court's discretion under its inherent power to fashion an appropriate sanction). Alternatively, this order to show cause may be discharged by filing dispositional documents dismissing all claims in this action within seven (7) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:  **June 12, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE