UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>        Plaintiff,<br><br>   v.<br><br>VFORCE INC., et al.,<br><br>        Defendants. | No.  2:18-cv-02066-DAD-CKD<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST THE PARTIES' COUNSEL |

On February 3, 2025, all parties attended a settlement conference before United States Magistrate Judge Jeremy D. Peterson and settled the remaining claims in this action. (Doc. No. 250.) The court issued a minute order on February 4, 2025 directing that the "settlement agreement [was] to be finalized within 30 days." (Doc. No. 251.) On March 27, 2025, the settling parties[1] filed a stipulation requesting that the court extend the deadline to file dispositional documents to April 21, 2025. (Doc. No. 253 at 3.) The court issued a minute order granting the parties' request the following day. (Doc. No. 254.) However, the parties failed to file dispositional documents, a status report, or a stipulation requesting an extension of the

---

[1] As noted below, while plaintiff Zurich American Insurance Company of Illinois did not settle its sole claim in this action, asserted against defendant VForce Inc., judgment in plaintiff's favor has since been entered as to plaintiff's claim. (*See* Doc. Nos. 257, 258.)

1

1 deadline. On April 30, 2025, the court issued another minute order noting that the parties had
2 failed to file dispositional documents and directing the parties to do so by no later than May 9,
3 2025. (Doc. No. 255.) In direct violation of the court's order, the parties again failed to do so.
4 As noted above, on May 21, 2025 the court issued an order granting plaintiff's motion for
5 judgment and motion to amend the judgment. (Doc. No. 257.) In that order, the court again
6 stated that "all parties in this action, with the exception of plaintiff, are directed to file
7 dispositional documents in this action by no later than June 6, 2025." (Doc. No. 257 at 12.)
8 Despite the clear and direct language appearing in that order, the parties failed to comply with the
9 court's order in this regard for a third time.

10 On June 13, 2025, the court issued an order requiring all parties in this action, with the
11 exception of plaintiff, to show cause in writing within seven (7) days from the date of entry of
12 that order why sanctions should not issue against their counsel due to their repeated failure to
13 abide by the court's orders. (Doc. No. 260.) On June 20, 2025, only four of the twelve remaining
14 parties in this action—VForce Inc.; Accuire, LLC; Michael A. DiManno; and Employinsure
15 LLC—filed a stipulation to dismiss VForce Inc.'s claims asserted against those three other parties
16 to the stipulation. (Doc. No. 261.) However, the stipulation did not include any mention of
17 VForce Inc.'s claims asserted against the other eight parties in this action—Bean Team
18 Network 2 LLC; Capserv, Inc.; Kaiserkane Consulting, LLC; Richard Gardner; Charles
19 Musgrove; Melissa Oglesby; Amazing Insurance, Inc.; and Alex Campos. Moreover, counsel for
20 Amazing Insurance, Inc. and Alex Campos, **attorney Angelica Simpson**, did not respond to the
21 order to show cause in any way, thereby failing to comply with the court's orders for yet a fourth
22 time.

23 Accordingly, the following parties through their counsel of record are hereby **ordered to**
24 **show cause in writing within seven (7) days** from the date of entry of this order why sanctions
25 should not issue against their counsel due to their repeated failure to comply with this court's
26 orders:
27     **1. VForce Inc.**
28     **2. Bean Team Network 2 LLC**

      **3. Capserv, Inc.**

      **4. Kaiserkane Consulting, LLC**

      **5. Richard Gardner**

      **6. Charles Musgrove**

      **7. Melissa Oglesby**

      **8. Amazing Insurance, Inc.**

      **9. Alex Campos**

*See Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995) (noting the court has the inherent power to manage its own proceedings and to "discipline the members of the bar who appear before it"); *see also Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996) (noting the court's discretion under its inherent power to fashion an appropriate sanction).

      Alternatively, this order to show cause may be discharged by filing dispositional documents dismissing all remaining claims in this action as to all parties within seven (7) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:  **July 16, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE